[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 9, 2008
THOMAS K. KAHN
CLERK

No. 07-11926
_____

D.C. Docket No. 04-00399-CV-CAR-5

JEFF SILER,

Plaintiff–Appellant,

versus

HANCOCK COUNTY BOARD OF EDUCATION,
HERBERT MONROE,
Individually and in his official capacity as Chairman,
MELVIN SMITH,
Individually and in his official capacity
RUBY CLAYTON,
Individually and in her official capacity,
FELICIA STEWART,
Individually and in her official capacity,
DENISE RANSOM,
Individually and in her official capacity,
DR. FLORENCE REYNOLDS,
Individually and in her official capacity as Superintendent,
TYRONE A. EVANS,
Individually and in his official capacity,
HANCOCK COUNTY SCHOOL DISTRICT,
doing business as  Hancock County Bd. of Ed,

Defendants-Appellees,

NICHOLAS L. ANTONE, JR.,

                                        Defendant.

                        _____

                  Appeal from the United States District Court
                        for the Middle District of Georgia
                        _____

                              **(April 9, 2008)**

Before BARKETT and FAY, Circuit Judges, and ANTOON,[*] District Judge.

PER CURIAM:

Dr. Jeff Siler appeals from summary judgment in favor of the Hancock

County School District d/b/a Hancock County Board of Education and some of its

employees[1] (collectively, "Hancock School District") on his complaint alleging

violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.,

and the Fourteenth Amendment of the Constitution.  Specifically, Siler alleges that

Hancock School District (1) discriminated against him based on his gender by

transferring him from his position as principal of Hancock Central High School to

lead teacher at the district's Alternative School and by failing to hire him as an

---

[*] Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

[1] District employees Mr. Herbert Monroe, Chairman; Mr. Melvin Smith; Ms. Ruby Clayton; Ms. Felicia Stewart; Ms. Denise Ransom; Dr. Florence Reynolds, Superintendent; and Mr. Tyrone Evans, in their individual and official capacities.

assistant principal when such positions subsequently opened, and (2) retaliated against him for filing a complaint with the Equal Employment Opportunity Commission by withholding his paycheck. Siler also complained that the defendants violated his due process rights by transferring him without a hearing.[2]

After a careful review of the record and consideration of the parties' briefs and oral arguments, we conclude that the district court did not err in granting summary judgment to Hancock School District. Accepting for the sake of argument that Siler's transfer was an adverse employment action pursuant to Title VII and that Siler made out a prima facie case, Siler did not present sufficient evidence to raise an inference of pretext or intentional discrimination in response to Hancock School District's evidence of legitimate, non-discriminatory reasons for its actions. Carter v. Miami, 870 F.2d 578, 585 (11th Cir. 1989). With reference to Siler's claim asserting discrimination based on Hancock School District's failure to hire him for other administrator positions, there was no error because Siler did not apply for the publicly advertised positions in question and so failed to establish a prima facie case. Vessels v. Atlanta Indep. Sch. Sys., 408 F.3d 763, 768 (11th Cir. 2005) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)).

---

[2] Siler raises two additional issues. First, Siler argues that the district court erred in denying his motion for default judgment. Second, Siler argues that the district court erred on the issue of sealing his exhibits and motion to unseal that referred to a third-party. We reject these arguments.

There is no merit to Siler's conclusory statement that he had a property right in the positions that entitled him to forgo applying for the jobs.

There is likewise no merit to Siler's retaliation claim because the four-day delay in the issuance of his paycheck was not an "adverse action" such that it reasonably would have dissuaded an employee from filing a complaint and, therefore, Siler failed to make out a prima facie case. Burlington N. & Santa Fe Ry. Co. v. White, 126 S.Ct. 2405, 2415 (2006); Gupta v. Fla. Bd. of Regents, 212 F.3d 571, 588 (11th Cir. 2000).[3]

Finally, we find no error in the summary judgment in favor of Hancock School District on Siler's due process claim. Under the relevant Georgia statutes, in this kind of case, an employee has a right to a hearing when facing a demotion. Ga. Code Ann. §§ 20-2-940(b)-(f),  20-2-942(b)(2). To qualify as a demotion, the subsequent position must be accompanied by a decrease in salary. Id. § 20-2-943(a)(2)(C). In this case, Siler was unable to demonstrate that he suffered a decrease in salary and, therefore, there was no due process violation.

**AFFIRMED.**

---

[3] We do not reach Siler's assertion that Hancock School District's refusal to provide him with a written contract also was a retaliatory act because this was not raised in the district court proceedings. Rothenberg v. Sec. Mgmt. Co., 667 F.2d 958, 961 n.8 (11th Cir. 1982) ("Normally, an appellate court will not consider facts that were not presented to the district court.").